IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFREY LAMONT ALEXANDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:16CV1007 |
| ) | 1:06CR36-2 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMNEDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Petitioner's Motion [Doc. #179] and Amended Motion [Doc. #188] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 raising a claim related to Johnson v. United States, 125 S. Ct. 2551 (2015). Petitioner filed the Motion and Amended Motion after being granted authorization by the United States Court of Appeals to file a second or successive motion under § 2255.

Petitioner pled guilty in this Court to maliciously damaging and destroying property by means of fire and an explosive in violation of 18 U.S.C. §§ 844(i) and 2 (Count One); carrying and using, by discharging, firearms during and in relation to a crime of violence, that is the crime alleged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Two); and possessing unregistered destructive devices in violation of 26 U.S.C. §§ 5861 and 5871 and 18 U.S.C. § 2 (Count Four). Petitioner was sentenced to a total of 228 months of imprisonment. Petitioner's Motion and Amended Motion contend that his conviction under Count Two is invalid following Johnson.

After Petitioner filed the instant Motion, counsel was appointed to represent Petitioner and the matter was stayed pending resolution of cases pending before the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. (Order [Doc. #211] and Text Orders 8/26/2016, 11/15/2016, 8/9/2018, 3/7/2019.) On February 6, 2020, the Government and Petitioner's counsel filed a joint status report stating that:

> The Supreme Court has now issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. In the instant case, the predicate for the § 924(c) conviction is the general arson statute, 18 U.S.C. § 844(i), which makes if a crime to "maliciously damage[] or destroy[], or attempt[] to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce." This statute includes the arson of a defendant's own property. *See, e.g.*, *United Sates v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018). Thus, it does not categorically require use of "physical force against the person or property *of another*," 18 U.S.C. § 924(c)(3)(A) (emphasis added), and does not, therefore, qualify as a crime of violence under § 924(c)(3)(A).
>
> In light of all the foregoing, the parties now take the position that the § 924(c) count should be vacated and a full resentencing hearing should be scheduled at which Petitioner Alexander will appear for resentencing on the remaining counts in this case.

(Status Report [Doc. #221] at 2-3 (footnote omitted).) The Government also waived any affirmative defenses it could have asserted.

Upon review of the record and the relevant case law, the Court will proceed based on the assessment of the Parties and the concession of the Government set forth above. Consequently, Petitioner's § 2255 Motion, as amended, should be granted, his § 924(c) conviction (Count Two) should be vacated, and the matter should be set for resentencing.

IT IS THEREFORE RECOMMENDED that the prior stays be lifted, that Petitioner's § 2255 Motion [Doc. #179] and Amended Motion [Doc. #188] to vacate, set aside, or correct sentence be granted, that Petitioner's § 924(c) conviction (Count Two) be vacated, and that this matter be set for resentencing.

This the 10th day of February, 2020.

/s/ Joi Elizabeth Peake
United States Magistrate Judge